## JOHN STANCER v. HIRAM ROE.

*Judgment for possession does not necessarily carry crops.*

A judgment against a tenant for possession, in proceedings before a circuit court commissioner, does not necessarily divest him of his right, under the terms of the lease, to his share of the crops; and if the judgment is not based on a forfeiture he is at least entitled to his proportion of crops already harvested.

Error to Calhoun. (Hooker, J.) Oct. 14.—Oct. 22.

TROVER. Plaintiff brings error. Reversed.

*Clapp & Reynolds* for appellant.

*Edwards & Stewart* for appellee. Forfeiture of a lease makes a crop on the land part of the realty : *Carpenter v. Jones* 63 Ill. 517 ; 1 Washburne on Real Property (1st ed.) 3 ; crops belong to the landlord on re-entry upon forfeiture by the tenant : Taylor's L. & T. § 535 ; *Nye v. Patterson* 35 Mich. 413 ; *Chandler v. Thurston* 10 Pick. 205 ; *King v. Fowler* 14 Pick. 238 ; *Dayton v. Vandoozer* 39 Mich. 749.

COOLEY, C. J. On December 24, 1880, the defendant leased to the plaintiff a farm in the county of Kalamazoo "for the term of two years with the privilege of three years

if both parties are suited;" defendant "to furnish half the seed that may be needed on said farm for the time above stated," and the plaintiff to work the farm in a good, workmanlike manner, and deliver to the defendant half the crops—grain in the half bushel and hay in the stack or barn. There were no other special provisions in the lease.

On August 26, 1881, defendant took proceedings before a circuit court commissioner to recover possession of the farm. His complaint was general, and merely alleged that plaintiff held possession wrongfully, and against his right. On September 8, 1881, judgment was given for complainant in that proceeding, and possession was surrendered to him. At the time of so obtaining possession there were upon the land crops of hay, clover seed, corn and potatoes which had been raised by the plaintiff, a part of which was ready for harvest, and some of which was actually harvested. Defendant claimed that plaintiff had lost by the judgment all right in the crops, and refused to permit him to take away any part of them. Plaintiff brought this suit to recover the value of the share he was to have under the lease, but the circuit court sustained the position taken by defendant, and directed a verdict in his favor.

The circuit judge appears to have been of opinion that the judgment which defendant obtained for possession of the farm conclusively determined that plaintiff had forfeited all rights under the lease, not only to possession of the land but to any crops which had been raised. We do not understand how this can be. The judgment of the commissioner determined that at the time of the commencement of the proceedings the defendant in this suit was entitled to the possession of the farm, and that plaintiff held wrongfully as against him; but upon what ground the judgment was given we are not informed, and we cannot assume that it was on the ground of forfeiture. It may, for anything we know, have been based upon some contract or understanding of the parties entered into subsequent to the lease, and it could not well have been for any forfeiture of the lease, for no clause of forfeiture is contained in it.

. Upon all the facts appearing in this case, the plaintiff was entitled at least to his share of the crops, so far as they had been harvested. Whether he was entitled to more, we could not now undertake to say, because the case has not been so tried as to bring out all the facts.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.